### EPSTEIN v. SUSSMAN et al.

(Supreme Court, Appellate Division, Second Department. March 21, 1912.)

APPEAL AND ERROR (§ 1102*)—ORDERS—REVERSAL.

An ex parte order, obtained by one not a party to the suit, will be vacated, where the papers on appeal disclose no grounds for granting it, or for refusing to vacate it, and the party at whose instance it was granted does not appear on the hearing of the appeal or present a brief.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4382; Dec. Dig. § 1102.*]

Appeal from Special Term, Kings County.

Action by Samuel Epstein against Hyman Sussman and others. From an order denying a motion to vacate an order, granted on motion of Edward Gribbon & Sons, Limited, staying proceedings towards obtaining a personal judgment against defendant Abraham Epstein, plaintiff appeals. Reversed, and motion to vacate order granted.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Samuel Leavitt, for appellant.

---

### In re AKIN et al.

### In re TOWNSEND.

(Supreme Court, Appellate Division, Second Department. March 19, 1912.)

ELECTIONS (§ 135*) — NOMINATIONS AND PRIMARIES — MEETING OF PARTY'S COUNTY COMMITTEE—NOTICE.

No proceeding having been taken, as provided by Election Law (Laws 1911, c. 891) § 40, relating to nominations and primaries, to remove persons elected as members of a political party's county committee, a meet-

ing of such committee to designate candidates for party nomination, without service on four of such persons of the notice required by such law to be given members of the committee, is not duly organized.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 119; Dec. Dig. § 135.*]

Hirschberg, J., dissenting.

Appeal from Special Term, Putnam County.

Two applications—one by Charles E. Akin and Thomas O'Brien, for an order directing the custodian of the primary records to strike from his record certain designation of candidates; the other by Asbury C. Townsend, as chairman of the Democratic County Committee of Putnam County, for an order directing said custodian to file certain designations of candidates. From an order denying the first application, and granting the second (133 N. Y. Supp. 881), said Akin and O'Brien and Samuel B. Crane appeal. Reversed, and application of Townsend denied.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

I. J. Beaudrias (Wm. Church Osborn, on the brief), for appellants. Clayton Ryder, for respondent.

PER CURIAM. It is conceded that notice of the meeting of the Democratic county committee for the purpose of designating candidates for party nominations was not served upon four persons originally elected as members of that committee, as required by the Election Law, relating to nominations and primaries (Laws 1911, c. 891). As no proceedings to remove the persons so elected as members of such committee have been taken, as required by section 40 of said law, they were entitled to such notice, and the said meeting was never duly organized.

Order reversed, and application denied, without cost.

BURR, THOMAS, CARR, and WOODWARD, JJ., concur. HIRSCHBERG, J., dissents, on the ground that, as a majority of the committee were present and acted, the failure to notify the four members of the meeting may be disregarded as an informality.